RECEIVED AND FILED

2010 NOV 16 PM 2: 16

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

JOSE TORRES-MALDONADO, ET AL.,

     Plaintiffs,

        v.

RAFAEL RUIZ-QUIJANO, ET AL.,

     Defendants.

CIV. NO. 08-1878 (PG)

## OPINION AND ORDER

Pending before the Court are plaintiff and counter-defendants' motion to dismiss (Docket No. 160) and co-defendant and counter-plaintiff Enrique G. Bellver's opposition (Docket No. 163). For the reasons set forth below, the Court **GRANTS** the plaintiffs' request.

### I. BACKGROUND

On August 7, 2008, plaintiffs Jose Torres Maldonado ("Torres" or "Plaintiff"), Benita Sanchez, and their Conjugal Partnership (hereinafter collectively referred to as "Plaintiffs") filed the above-captioned diversity claim against Dr. Rafael A. Ruiz-Quijano ("Ruiz"), Dr. Roberto Lebron ("Lebron"), Dr. Elizabeth Rivera-Bove ("Rivera"), Dr. Enrique G. Bellver-Espinosa ("Bellver"), Centro de Servicios Médicos de Levittown, Inc. ("CSML"), Sindicato de Aseguradores para la Suscripcion Conjunta de Seguro de Responsabilidad Profesional Medico-Hospitalaria ("SIMED"), Antilles Insurance Company ("Antilles"), and other unknown defendants (hereinafter collectively referred to as "Defendants") pursuant to Articles 1802 and 1803 of the Civil Code of Puerto Rico, P.R. LAWS ANN. tit. 31, §§ 5141 and 5142. According to Plaintiffs, Defendants departed from the standards of care in the medical treatment provided to plaintiff Torres, ultimately resulting in the amputation of his penis. See *Amended Complaint*, Docket No. 106. The Plaintiffs now seek no less than $7,000,000 as indemnification for the physical and emotional damages suffered arising out of Defendants' negligent acts and omissions.

The alleged facts specific to co-defendant Bellver are as follows. Plaintiffs allege that Dr. Bellver is one of the physicians who provided medical services to Torres at all times relevant to the complaint. Specifically, the Plaintiffs contend that Dr. Bellver never informed Torres

CIV. NO. 08-1878 (PG)                                                    Page 2

during a medical visit on July 6, 2006 that he was a physician's assistant not
authorized to practice the specialty of urology in Puerto Rico. See Docket
No. 106 at ¶ 4.17. In addition, Plaintiffs claim that Dr. Bellver requested
that Torres show him the lesion, which he inspected from approximately one (1)
meter away. Dr. Bellver then allegedly proceeded to inform Torres that he was
suffering from a recurring fungus condition and gave him a prescription
accordingly. See Docket No. 106 at ¶ 4.18. Plaintiffs now claim that Dr.
Bellver deviated from the standard of care by failing to adequately diagnose
his condition and by failing to order the necessary tests of the affected
area. By so doing, Dr. Bellver allowed the cancerous condition to grow and
develop untreated. See Docket No. 106 at ¶ 4.19.

     In addition to answering the complaint, co-defendant Bellver and his
conjugal partnership filed a counterclaim against the Plaintiffs alleging to
have suffered damages as a result of the Plaintiffs' meritless claim against
him. See Docket No. 136. According to Bellver, his insurance provider will
increase his premium and/or impose additional charges, and thus, he has "a
right to recover any such increase and/or additional charges as damages caused
by plaintiffs unfounded and frivolous complaint." Docket No. 136 at page 20.

     In response, the Plaintiffs moved to dismiss this counterclaim to which
counter-claimant opposes.

## II. STANDARD OF REVIEW

     "The general rules of pleading require a short and plain statement of the
claim showing that the pleader is entitled to relief. … This short and plain
statement need only give the defendant fair notice of what the … claim is and
the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters,
Inc., 572 F.3d 45, 48 (1st Cir.2009) (internal citations and quotation marks
omitted).

     Motions to dismiss brought under FED.R.CIV.P. 12(b)(1) and 12(b)(6) are
subject to the same standard of review. See Negron-Gaztambide v.
Hernandez-Torres, 35 F.3d 25, 27 (1st Cir.1994). When ruling on a motion to
dismiss for failure to state a claim, a district court "must accept as true
the well-pleaded factual allegations of the complaint, draw all reasonable
inferences therefrom in the plaintiff's favor, and determine whether the
complaint, so read, limns facts sufficient to justify recovery on any
cognizable theory." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15
(1st Cir.2009) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507,
508 (1st Cir.1998)). Courts "may augment the facts in the complaint by

reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice. Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir.2008) (internal citations and quotation marks omitted). "Yet [the court] need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009)). Although a complaint attacked by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations, … , a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do … ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).

Moreover, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has … held that to survive a motion to dismiss, a complaint must allege a plausible entitlement to relief." Rodriquez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir.2007) (citing Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact)…." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

### III. DISCUSSION

In their motion to dismiss, the Plaintiffs argue that the counterclaim against them should be dismissed inasmuch as there is not a cognizable claim pursuant to Puerto Rico law for the damages resulting from a merely frivolous claim. See Docket No. 160. And while there is, however, a cause of action for malicious prosecution, the Plaintiffs and counter-defendants argue this is not such a case. Id. On the other hand, co-defendant and couter-plaintiff argues

that damages claims pursuant to Article 1802 are ample, and thus, embrace the conduct complained of.[1] See Docket No. 163.

Article 1802 of Puerto Rico's Civil Code imposes liability upon a person for an "act or omission" that "causes damages to another through fault or negligence." P.R. LAWS ANN. tit. 31, § 5141. In order to prevail in a general tort claim under Puerto Rico law, a party must establish the following elements: "(1) evidence of physical or emotional injury, (2) a negligent or intentional act or omission (the breach of duty element), and (3) a sufficient causal nexus between the injury and defendant's act or omission (in other words, proximate cause)." Vazquez-Filippetti v. Banco Popular de Puerto Rico, 504 F.3d 43, 49 (1st Cir.2007)(citing Torres v. KMart Corp., 233 F.Supp.2d 273, 277-78 (D.P.R.2002)).

However, despite the foregoing, "the Supreme Court of Puerto Rico has clearly established that there is not a per se civil damages remedy as the consequence of a frivolous civil suit." Casiano Torres v. Don King Productions, Inc., 598 F.Supp.2d 245, 248 (D.P.R. 2009) (citing Gimenez Alvarez v. Silen Maldonado, 131 D.P.R. 91, 96 (1992); Reyes-Cardona v. J.C. Penney & Co., Inc., 694 F.2d 894, 897 (1st Cir.1982)). In Silen, the Supreme Court of Puerto Rico explicitly held that it had "frequently reiterated the doctrine that in our jurisdiction the per se civil damage suit resulting from a civil action does not exist." Silen, 131 D.P.R. at 96 (citing Commonwealth Loan Corp. v. García, 96 P.R.R. 755 (1968); Berríos v. International General Electric, 88 P.R.R. 106 (1963); Pereira v. Hernández, 83 P.R.R. 156 (1961); Suárez v. Suárez, 47 P.R.R. 93 (1934); López de Tord & Zayas Pizarro v. Molina, 38 P.R.R. 737 (1928)) (official translation). Citing Pereira v. Hernández, 83 P.R.R. 156 (1961), the Supreme Court further stated the following:

> [i]n general terms, Puerto Rican law does not acknowledge the existence of a civil action for damages as a consequence of a civil suit. [Absent an express provision granting a cause of action, the] judicial penalty for the improper use of legal proceedings is found in the imposition of costs and attorney's fees [and, where pertinent, legal interest for obstinacy] within the same suit.

Silen, 131 D.P.R. at 96 (official translation).

---

[1] Because Bellver states that he is pursuing a claim of general damages under Article 1802, and not for libel or malicious prosecution, see Docket No. 163 at page 7, the Court will thus refrain from discussing those doctrines as plausible claims for relief.

This holding has been previously recognized and upheld by this Court. See Puerto Rican American Ins. Co. v. Burgos-Diaz, No. 01-1186, 2006 WL 3490943 at *3 (D.P.R. November 29, 2006) ("The Puerto Rico Supreme Court has been clear in that mere negligence is not enough to keep a case for malicious prosecution alive.") In fact, construing Puerto Rico law, the First Circuit Court of Appeals has held that a showing of recklessness, bad faith, intent to cause harm, gross error, abuse of the right to bring a suit, or the like, is necessary to sustain a tort claim based on the bringing of a prior civil lawsuit. See Reyes-Cardona v. JC Penney & Co., Inc., 694 F.2d 894, 897 (1st Cir.1982). Counter-plaintiff Bellver has not pointed to either, on the contrary, he argues that simply negligence or fault is enough. Therefore, he cannot prevail.

In accordance with the applicable law, this Court finds that co-defendant Bellver's counterclaim is meritless and shall be thus **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

### IV. CONCLUSION

For the reasons stated above, Plaintiffs' request for dismissal is hereby **GRANTED** (Docket No. 160), and therefore, co-defendant Bellver's counterclaim is hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, November 15, 2010.

JUAN M. PEREZ-GIMENEZ
U.S. DISTRICT JUDGE